# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ADRIAN CASTELLANOS LAGO,

      Petitioner,

      v.                                          Case No. 2:26-cv-00512 KWR-JFR

WARDEN, *Otero County Processing Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Docs. 1, 2**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

## BACKGROUND

Petitioner is a citizen of Cuba detained by ICE at the Otero Country Processing Center in New Mexico. He entered the United States in 2022. Doc. 2 at 4. He asserts he was denied a bond

hearing on January 23, 2026.  Doc. 2 at 5.  It appears that the immigration judge ordered Petitioner removed, and an appeal is due on August 14, 2026. However, after Petitioner filed his petition, an immigration judge subsequently held a bond hearing and denied bond, concluding that Petitioner was a flight risk.

Petitioner asserts the following claims in his petition. First, Petitioner asserts that his due process rights were violated because he has not received a bond hearing.  Second, he asserts that his detention violates *Zadvydas* and 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable.  However, Petitioner does not assert that he has received a final order of removal.

Petitioner asserts that during the pendency of this case, he received a bond hearing before an immigration judge. The immigration judge denied bond, reasoning that he is a flight risk because of his speculative form of relief and the manner of entry. In his Motion (Doc. 15), Petitioner challenges the immigration judge's bond decision without providing the underlying record of the proceeding, such as a transcript or audio recording.

This case was transferred to the undersigned on August 6, 2026.

## DISCUSSION

### I.   <u>Petitioner received a bond hearing and therefore his claim under Count I is moot</u>.

In his first claim, Petitioner appears to challenge his detention without a bond hearing.  He appears to assert that he was entitled to a bond hearing under 8 U.S.C. § 1226(a), and he was erroneously mandatorily detained under § 1225(b).  However, it appears that Petitioner received a bond hearing on July 14, 2026 under 8 U.S.C. § 1226(a). *See* Doc 15-1. Generally, the remedy for erroneous mandatory detention is a bond hearing.  *See  Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing the district court on remand to "order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

2

Because Petitioner has received the remedy due, a bond hearing, the Court denies his first claim or dismisses it as moot.

**II.    Neither *Zadvydas* nor 8 U.S.C. § 1231(a)(6) apply here.**

In his second claim, Petitioner asserts that his detention violates *Zadvydas* and § 1231(a)(6) because his removal from the country is not reasonably forseeable. But he does not assert that a final order of removal was entered. Therefore, neither *Zadvydas* nor 8 U.S.C. § 1231(a)(6) apply here.

Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition

3

the BIA for review of the order.') (citation omitted).  The regulations set forth when an order of removal becomes final.  *See* 8 C.F.R. § 1241.1.

Here, a final order of removal has not been issued, as Petitioner's appeal of the removal order remains pending. Petitioner does not assert a final order of removal has been entered. Therefore, neither *Zadvydas* nor § 1231 apply here.  *See, e.g., Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) (explaining that *Zadvydas* does not apply where a petitioner is detained under § 1226(a)).

### III.    Petitioner's challenge to the immigration judge's bond decision is not well-taken

In a motion (doc. 15), Petitioner asserts that the immigration judge's bond decision violated due process.  The Court concludes that Petitioner has not demonstrated a violation of due process at the bond hearing.

On July 14, 2026, after this petition was filed, the immigration judge held a bond hearing and denied bond, concluding that Petitioner is a flight risk.  Doc. 15-1. The immigration judge pointed to his speculative form of relief and manner of entry. Doc. 15-1 at 2.

*First*, in challenging the immigration judge's bond decision Petitioner appears to assert a new claim which is not in his petition. He has not filed an amended petition or moved to amend his Petition under Fed. R. Civ. P. 15. Therefore, the Court denies his due process challenge to the immigration judge's bond decision.

*Second*, assuming for the sake of argument that the Court is required to address the new claim asserted in a motion, the Court concludes that Petitioner has not demonstrated that the immigration judge violated his due process rights at the bond hearing.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge

involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he was a flight risk and pointing to his speculative form of relief and manner of entry. The Court lacks authority to review the immigration judge's discretionary determination.

Petitioner appears to recognize this jurisdictional issue, and instead argues that the immigration judge violated due process at the bond hearing. Petitioner asserts that the immigration judge failed to expressly analyze all of his evidence in his ruling, or failed to fully recite the *Guerra* factors. This argument does not appear to render the bond hearing fundamentally unfair. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also United States v. Aguirre-Tello,* 353 F.3d 1199, 1207 (10th Cir. 2004). "An alien:

(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem,* 2022 WL 574624, at *2. Petitioner has not argued that the bond hearing was fundamentally unfair. The immigration judge found that Petitioner was a flight risk and made specific findings in the order denying bond.

Petitioner asserts various arguments which appear to challenge the application of BIA case law, such as the *Guerra* factors. He asserts that the immigration judge failed to expressly analyze his evidence in the bond decision. At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. "The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or Service." 8 C.F.R. § 1003.19(d). "The Immigration Judge is in the best position to analyze these considerations

6

and may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Matter of R-A-V-P-*, 27 I&N Dec. at 804-05 (internal quotation marks omitted).

Here, the immigration judge did not commit a due process violation by putting more weight on some factors over others. Petitioner has not demonstrated that an immigration judge commits a due process violation by weighing the *Guerra* factors differently than Petitioner desires, or placing more emphasis on some facts over others.[1] To the extent the immigration judge committed errors, Petitioner has not demonstrated that these errors amount to a due process violation. Routine errors at a bond hearing should be addressed by the BIA, not a federal district court.

Second, Petitioner asserts that the Government has the burden to establish danger or flight risk by clear and convincing evidence, and the immigration judge violated due process by placing the burden on Petitioner. The Court disagrees. As the Court explained in *Montero Cordova,* which the Court incorporates herein, the statutes, regulations, and due process do not require the burden to be placed on the Government at a bond hearing. *See Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689 (D.N.M. Mar. 30, 2026).

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Docs. 1, 2) is hereby **DENIED**.[2]

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expedited Ruling on Petition for Writ of Habeas Corpus based on 28 U.S.C. 2243 and Changed Circumstances (Doc. 15) is **DENIED**.

---

[1] Petitioner did not provide a transcript or audio recording of the bond hearing, or separately describe the bond hearing in a fact section in his motion. Because Petitioner filed an expedited motion without the transcript or audio recording, and he requests that the Court rule by July 15, 2026, the Court assumes he requests that the Court issue a ruling without the transcript or audio recording. *See* Doc. 15 at 17 (requesting that the court issue a ruling prior to his next hearing on July 15, 2026).

[2] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE